BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
**NICHOLAS J. WOYCHICK, IDAHO STATE BAR NO. 3912**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:   (208) 334-1414
Email: Nick.Woychick@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>       v.<br><br>WISSEL FARMS CORPORATION, an Idaho Corporation; BENITA GUADALUPE WISSEL; MATTHEW MARK WISSEL; KRISTOFER WADE JOHNSON; MORGAN ALEXANDRIA WISSEL; ADRIANA MAUDE WISSEL; KENNETH THOMAS ST. JOHN; and AMANDA ROSE ST. JOHN,<br><br>              Defendants. | Case No.<br><br>**COMPLAINT** |

COMES NOW the Plaintiff United States of America, acting through the United States

Department of Agriculture on behalf of the Farm Service Agency ("FSA"), and for its claim for

relief against the above-named Defendants, alleges as follows:

**COMPLAINT - 1**

## JURISDICTION & VENUE

1.      This court has jurisdiction of this civil action under 28 U.S.C. § 1345, as the United States is Plaintiff.  Venue is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the acts, events and/or omissions giving rise to the United States' claims occurred in the state of Idaho and because a substantial part of the personal property that is the subject of this litigation is located in the state of Idaho.

## FACTUAL ALLEGATIONS

2.      On or about June 7, 2013, Defendant Wissel Farms Corporation, through its president, Benita Guadalupe Wissel, and Benita Guadalupe Wissel, Matthew Mark Wissel, Kristofer Wade Johnson, Morgan Alexandria Wissel, Adriana Maude Wissel, Kenneth Thomas St. John, and Amanda Rose St. John, acting in their individual capacities,[1] executed and delivered to FSA, a promissory note evidencing a loan made to them pursuant to the Consolidated Farm and Rural Development Act (7 U.S.C. §§ 1921, *et seq*.).  Under the terms of this promissory note, the Wissel Defendants promised *inter alia* to pay to the United States the principal sum of $300,000.00, plus interest thereon at the rate of 1.25 percent per annum.  A true and correct copy of said promissory note is attached hereto as Exhibit A and incorporated herein by reference.  The United States, acting through the United States Department of Agriculture and on behalf of FSA, is the owner and holder of said note.

---

[1] Unless otherwise noted below the Defendants Wissel Farms Corporation, Benita Guadalupe Wissel, Matthew Mark Wissel, Kristofer Wade Johnson, Morgan Alexandria Wissel, Adriana Maude Wissel, Kenneth Thomas St. John, and Amanda Rose St. John will be referred to collectively herein below as "the Wissel Defendants."

**COMPLAINT - 2**

3.      On or about June 7, 2013, the Wissel Defendants executed and delivered to FSA a

security agreement describing farm and other equipment then owned or thereafter acquired,

together with all replacements, substitutions, additions, and accessions.  This security agreement

was perfected by the filing of financing statements with the Idaho Secretary of State on or about

June 6, 2013, as Instrument Nos. B 2013-l 124498-0, B 2013-l 124497-1, B 2013-1124496- 2, B

2013-l 124494-4, B 2013-1124492-5, B 2013-l 124492-6, B 2013-1124492-7, and B 2013-

1124499-9, Official Records of the Secretary of State for the state of Idaho.  True and correct

copies of said Security Agreement and the related UCC filings are attached hereto as Exhibit B

and incorporated herein by reference.

4.      As a result of the Security Agreement and UCC filings described above in

paragraph 3, FSA has a perfected security interest in the following-described farm equipment

owned by Defendant Wissel Farms Corporation and located in the state of Idaho:

> 1 Tractor, Case IH Maximum 5130 (SN 729C);
> 1 Tractor, IHC 504 high clearance (SN P703);
> 1 Tractor, IHC 966 high clearance;
> 1 Tractor, IHC 656 (SN 0238 P#l8):
> 1 Tractor, IHC 656 (SN 7335);
> 1 Tractor, IHC 454 (SN 7BS2 P#ll);
> 1 Tractor, IHC 674 (SN 1BRY);
> 1 Tractor, Farmall Super C (SN 1815 P#14);
> 1 Tractor, Farmall Super C (SN 2110);
> 1 Tractor, Farmall C (SN 3927);
> 1 Tractor, MF 30;
> 1 Forklift, Toyota 30 (SN 6276 P#l7);
> 1 Forklift, Clark (SN 4958);
> 1 Com Picking Line, Portable;
> 1 Snap Bean Harvester w/sorter, Ford (SN 7372 P#15);
>  2 Hyster Dock Plates;
>  4 Pallet Jacks;
>  2500 Field Crates;

**COMPLAINT - 3**

1 Corn Stalk Bander;
3 Commercial Ice Machines;
1 Squash and Mini Pumpkin Mini Trailer;
1 Crop Cover Retriever;
1 Tractor Harvest Racks;
1 Pumpkin Loading Belt;
1 Bin Dump, Shopbuilt;
1 Bean Plater, JD Maximerge 4-row;
1 Pumpkin Planter, JD Maximerge 4-row;
1 Finger Pick Planter, JD 80;
1 Small Seed Planter, Beck 4-row;
1 Ripper, JD 5 shank;
1 Cultivator-Front, JD;
1 Cultivator Bar, Alloway gauge wheels;
1 Bedder Bar, 4-row Hyd Fold;
1 Offset Disc, Towner;
1 Rolling Cultivator, 4-row;
1 Bedder w/spray Boom;
1 Spray Boom;
1 SS tank, front mount;
1 SS tank, front mount;
1 Rolling Cultivator-tomato, 2-row;
1 Pumpkin Harrow, 3-row;
1 Back Out Bar;
3 Totes, 250 gallon;
1 Power Bedder, 2 row;
1 Rolling Cutter Bar Crop Cover Cutter, 3 pt;
1 Fuel Tank w/pump, 750 gallon;
1 Fuel Tank w/pump, 300 gallon;
1 Blade, 3 pt; and
1 Water Tank, 1000 gallon (plastic).

The above-described farm equipment will be referred to collectively herein below as "the security property."

5.     The Wissel Defendants are delinquent in the payment of their indebtedness described above in paragraph 2. Defendants Kristofer Wade Johnson and Adriana Maude Wissel also filed for and received a discharge of their personal liability on the note described above in paragraph 2 in Case No. 15-03017, filed in the United States Bankruptcy Court for the Eastern District of Washington. The United States Bankruptcy Court for the Eastern District of

**COMPLAINT - 4**

Washington entered a discharge of their personal liability in that action on or about December 9, 2015.  Due to the delinquent payments and as a result of the bankruptcy filing, the promissory note and security agreement described herein are currently in default.  On March 15, 2016, after taking all actions required under applicable regulations, FSA accelerated the entire indebtedness owing under the terms of the promissory note and declared all amounts immediately due and payable.

6.     The Wissel Defendants owe the United States under the provisions of the promissory note a total of $286,237.97, consisting of $277,704.52 principal and $8,533.45 in interest accrued through August 7, 2019.  Additional interest will continue to accrue after August 7, 2019 until the entry of judgment at a daily rate of $9.5104.

7.     The interests of all Defendants are inferior to FSA's interest in the security property.

8.     The United States does not seek to collect a money judgment or deficiency from Defendants Kristofer Wade Johnson and Adriana Maude Wissel personally.  Defendants Kristofer Wade Johnson and Adriana Maude Wissel are only named as Defendants in this action in order to foreclose any interest they may have in the security property described above in paragraph 4 and owned by Defendant Wissel Farms Corporation.

9.     To the extent the sale of the United States' security property is insufficient to satisfy the sums owing, it requests a judgment against Defendant Wissel Farms Corporation, and individuals Benita Guadalupe Wissel, Matthew Mark Wissel, Morgan Alexandria Wissel, Kenneth Thomas St. John, and Amanda Rose St. John, jointly and severally, for any deficiency.

**COMPLAINT - 5**

### FIRST CAUSE OF ACTION
(Money Judgment)

10.     The United States realleges the allegations contained in paragraphs 1 through 10

above and incorporates the same herein by reference as if set forth fully herein.

11.     That at all times material herein United States, acting through the United States

Department of Agriculture and on behalf of FSA, is and was the owner and holder of said note

(Exhibit A) and the security agreement and associated UCC financing statements (Exhibit B).

12.     That as of August 7, 2019, the United States is entitled to judgment against Wissel

Farms Corporation and the individual Defendants Benita Guadalupe Wissel, Matthew Mark

Wissel, Morgan Alexandria Wissel, Kenneth Thomas St. John, and Amanda Rose St. John

Wissel, jointly and severally, in the sum of $286,237.97, consisting of a principal balance of

$277,704.52, accrued interest of $8,533.45, together with additional interest that will continue to

accrue after August 7, 2019 until the entry of judgment at a daily rate of $9.5104, together with

costs of foreclosure, attorney's fees and court costs as herein alleged.

13.     The United States has fulfilled its obligations and performed each and every act

and thing required to be performed by it under the promissory note and security agreement

described above.

14.     Pursuant to the promissory note, security agreement and Idaho law, Defendant

Wissel Farms Corporation and the individual Defendants Benita Guadalupe Wissel, Matthew

Mark Wissel, Morgan Alexandria Wissel, Kenneth Thomas St. John, and Amanda Rose St. John

Wissel, are jointly and severally obligated to pay the United States for the sums noted above in

paragraph 12 and any and all amounts advanced or expended by the United States in collecting

the promissory note and/or preserving or protecting the security property, including the United

States' attorney's fees and costs.

## SECOND CAUSE OF ACTION
### (Foreclosure)

15.    The United States realleges the allegations contained in paragraphs 1 through 14

above and incorporates the same herein by reference as if set forth fully herein.

16.    The Wissel Defendants are in default under the terms of the promissory note.

17.    In order the secure the payment of the indebtedness, the Wissel Defendants

executed and delivered a security agreement to FSA.  The security agreement granted the United

States a security interest in the security property described more fully above in paragraph 4.

18.    The security agreement is valid and enforceable and was properly perfected under

Idaho law.

19.    The United States' lien and security interest in and to the above-described security

property should be foreclosed in accordance with the security agreement and applicable law,

including, without limitation, Article 9 of the Idaho Uniform Commercial Code.  In furtherance

thereof, the United States is entitled to any or all of the following relief:

      a.    By reason of the aforesaid payment and other defaults by the Wissel Defendants, and pursuant to the Loan Documents, the United States has a right to take immediate possession of the security property described above, and to sell, lease, or otherwise dispose of the same in its present condition, or following repair, reconditioning or processing, and to apply the proceeds thereof to the expenses of retaking, protecting, holding, preparing for sale, selling or otherwise realizing on the collateral, and to reasonable attorney fees and costs necessarily incurred or expended herein, and thereafter apply the balance to the indebtedness and accrued interest, late charges, costs and fees owed by the Wissel Defendants to the United States as described above.

**COMPLAINT - 7**

b.      To cause the Wissel Defendants to assemble the security property and make it available to the United States for repossession at a place designated by the United States;

c.      To allow the United States to take possession of the security property;

d.      To allow the United States to foreclose its security interest in the security property for partial or full satisfaction of the money judgment demanded in this Complaint;

e.      To cause the security property to be levied upon by the United States Marshal or his designee in the County in which said property may be located and sold as directed by this Court.  Such sale will constitute a foreclosure of the United States' security interest by judicial process, with the execution lien as to any particular item of the security property to relate back to the date of perfection, all without waiver of the United States' other rights to realize upon said security property;

f.      To have the security property sold at commercially reasonable sale under Article 9 of the Idaho Uniform Commercial Code, held by or at the direction of the United States;

g.      To apply the proceeds from the sale of the security property to the payment of the indebtedness after payment of all collection and sale expenses, including reasonable attorney's fees;

h.      To obtain a judgment against Defendant Wissel Farms Corporation and the individual Defendants Benita Guadalupe Wissel, Matthew Mark Wissel, Morgan Alexandria Wissel, Kenneth Thomas St. John, and Amanda Rose St. John Wissel, jointly and severally, for any deficiency, plus accruing interest, costs and attorney's fees; and/or

i.      To all rights and remedies provided by the Loan Documents, the statutes and laws of the United States and the state of Idaho, and all other rights and remedies available to the United States.

### THIRD CAUSE OF ACTION
(Claim and Delivery)

20.     The United States realleges the allegations contained in paragraphs 1 through 19 above and incorporates the same herein by reference as if set forth fully herein.

**COMPLAINT - 8**

22.     By reason of the defaults described above, the United States is entitled to possession of said security property and to foreclose its security interest in the same.

23.     To the best of the United States' knowledge, information and belief, the security property described above in paragraph 4 remains in the physical possession, custody and control of Defendant Wissel Farms Corporation, and is believed to be located in the state of Idaho, at or near 11085 Lake Lowell Ave., Nampa, ID 83686.

24.     The security property is being wrongfully detained by the Wissel Defendants.

25.     The Wissel Defendants have failed to turn over to the United States the possession, custody and control of the security property.

26.     To the best of the United States' knowledge, information and belief, the actual value of said security property is currently unknown but is believed to be less than the indebtedness.

27.     That the United States is entitled to injunctive relief, based upon the following: (i) unless the Wissel Defendants are restrained without prior notice and enjoined from dissipating, encumbering, selling, concealing, and disposing of the security property, they may dispose of the security property or otherwise impair it, and as a result, the United States will suffer immediate and irreparable injury in that a money judgment may be uncollectable; (ii) the threat and injury to the United States outweighs whatever damage the proposed order or injunction may cause by restraining or enjoining the Wissel Defendants; (iii) enjoining the Wissel Defendants would not be adverse to the public interest; (iv) there is a substantial likelihood that the United States will prevail on the merits of this action or the case presents issues on the merits which should be subject to further litigation.

WHEREFORE, Plaintiff United States of America, requests:

1.      That the Court enter Judgment against Defendants Wissel Farms Corporation, and individuals Benita Guadalupe Wissel, Matthew Mark Wissel, Morgan Alexandria Wissel, Kenneth Thomas St. John, and Amanda Rose St. John, jointly and severally, in the amount of $286,237.97 ($277,704.52 principal and $8,533.45 interest accrued through August 7, 2019); and interest to accrue at the rate of $9.5104 per day from and after August 7, 2019, to the date of judgment, and interest from the date of judgment at the legal rate until paid in full, for costs of suit, and other proper relief.

2.      That the Court enter the usual decree of foreclosure for the sale of the security property described above in paragraph 4; that the Plaintiff or any other party to this suit may become a purchaser at the sale of the security property and that the purchaser at said sale shall be issued a bill of sale to the security property so sold and described herein.

3.      That the Court order that all persons including the Wissel Defendants, together with each and every person claiming any right, title, claim, liens or encumbrances of any kind or character on or against the security property described in the security agreement subsequent to the United States' lien that is foreclosed in this action, be forever barred and foreclosed of and from all rights and claims in and to such property and farm equipment.

4.      That the Court enter an order directing that the proceeds realized from the sale of security property be applied as follows:  first, in payment of the costs and expenses of the suit, and second, in payment of the United States' judgment.

**COMPLAINT - 10**

5.      That the Court award such other and further relief as it deems just and equitable.

DATED this 18th day of October, 2019.

BART M. DAVIS
United States Attorney
By


/s/ Nicholas J. Woychick
NICHOLAS J. WOYCHICK
Assistant United States Attorney

**COMPLAINT - 11**

# EXHIBIT A

This form is available electronically.

Form Approved - OMB No. 0560-0237
*(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)*

**FSA-2026**
(12-05-12)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| WISSEL FARMS CORPORATION | IDAHO | CANYON |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| 12-014-XXXXX-5259 | 44 | 01 | 06/07/2013 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|
| OL-T 106 | ☒ Initial loan  ☐ Conservation easement  ☐ Deferred payments<br>☐ Consolidation  ☐ Rescheduling  ☐ Debt write down<br>☐ Subsequent loan  ☐ Reamortization |

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at in offices in *(a)*  CALDWELL, IDAHO                  or at such other place as the Government may later designate in writing, the principal sum of *(b)*  THREE HUNDRED THOUSAND AND NO/100********************************** ****************************** dollars *(c)* ($  300,000.00*************************** , plus interest on the unpaid principal balance at the RATE of *(d)* ONE AND ONE QUARTER**************************** percent *(e)*  1.25****  %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*  8 (EIGHT)                  installments as indicated  below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 35,027.00 | 12/01/2013 | $ 35,027.00 | 12/01/2014 |
| $ 35,027.00 | 12/01/2015 | $ 52,860.00 | 12/01/2016 |
| $ 52,860.00 | 12/01/2017 | $ 52,860.00 | 12/01/2018 |
| $ 52,860.00 | 12/01/2019 | $ N/A | |

and *(d)* $  N/A             thereafter on the *(e)*  N/A         of each *(f)* N/A         until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*  7 (SEVEN)                 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

Initial _____  Date 8/7/2013    6/7/13    KS  6/7/13
BGW.   6/7/2013    AMW  6/7/13
MAW  6/7/13

FSA-2026 (12-05-12)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

M W
Initial 6/7/2013 Date
B.6.W.   6/7/2013

KAT 6/7/13   KTS 6/7/13
ARB 6/7/13
AMW 6/7/13
MAW 6/7/13

FSA-2026 (12-05-12)

Page 3 of 3

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**

Wissel Farms Corporation

Benita Guadalupe Wissel, President
11085 Lake Lowell Ave
Nampa, ID 83686

Matthew Mark Wissel, an Individual
11085 Lake Lowell Ave
Nampa, ID 83686

Morgan Alexandria Wissel, an Individual
11085 Lake Lowell Ave
Nampa, ID 83686

Kenneth Thomas St John, an Individaul
2011 NE Thompson Street
Portland, OR 97212

Benita Guadalupe Wissel, an Individual
11085 Lake Lowell Ave
Nampa, ID 83686

Kristofer Wade Johnson, an Individual
2549 S Skyview Drive
Nampa, ID 83686

Adriana Maude Wissel, an Individual
2549 S Skyview Drive
Nampa, ID 83686

Amanda Rose St John, an Individual
2011 NE Thompson Street
Portland, OR 97212

NOTE: The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

# EXHIBIT B

^ This form is available electronically.

Form Approved - OMB No. 0560-0238
(See Page 7 for Privacy Act and Public Burden Statements).

**FSA-2028**
(09-03-10)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 1

## SECURITY AGREEMENT

1. **THIS SECURITY AGREEMENT,** dated *(a)* **June 7, 2013** , is made between the United States of America, acting through the U.S. Department of Agriculture, Farm Service Agency (Secured Party) and *(b)*

**WISSEL FARMS CORPORATION**

(Debtor), whose mailing address is (c)
**11085 LAKE LOWELL AVE, NAMPA, ID 83686-8007**

2. **BECAUSE** Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory notes or other instruments, and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory notes or other instruments, all of which are called "Note," which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The Note evidences a loan to Debtor, and Secured Party at any time may assign the Note to any extent authorized by the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party; and

It is the purpose and intent of this Security Agreement to secure prompt payment of the Note and the timely performance of all obligations and covenants contained in this Security Agreement; and

**NOW THEREFORE,** in consideration of said loans and *(1)* to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party all with interest; *(2)* in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this Security Agreement; and *(3)* the timely performance of every covenant and agreement of Debtor contained in this Security Agreement or in any supplementary agreement.

**DEBTOR GRANTS** to Secured Party a security interest in Debtor's interest in the following described collateral, including the proceeds and products thereof, accessions thereto, future advances and security acquired hereinafter (collateral); provided however the following description of specific items of collateral shall not in any way limit the collateral covered by this Security Agreement and the Secured Party's interest therein *(a)*:

Initial _BCo W._ Date _6/7/2013_
_KCS_      _6/7/63_

FSA-2028 (09-03-10)

(b)   All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which are planted after this Security Agreement is signed or otherwise become growing or harvested crops or other plant products *(1)* within the one-year period or any longer period of years permissible under State law, or *(2)* at any time after this Security Agreement is signed if no fixed maximum period is prescribed by State law, including crops and plant products now planted, to be planted, growing or grown or harvested on the following described real estate:

| (1)<br>Farm or Other Real Estate Owner | (2)<br>Approximate<br>Number of Acres | (3)<br>County and State | (4)<br>Approximate Distance and Direction<br>from Named Town or Other<br>Description |
|---|---|---|---|
| Matt and Benita Wissel | | CANYON, ID | 11085 Lake Lowell Ave. Nampa |
| Andre Bickliser | 14 | CANYON, ID | Lake Ave and Smith Ave |
| Ronald Van Aucker | 95 | CANYON, ID | Madison Ave and Northside Blvd |
| Steve Tobias | 5 | CANYON, ID | Middleton and Rosevelt |
| John Babcock | 75 | CANYON, ID | Midway and Iowa Nampa |
| 9628 Carlene Smith | 9 | CANYON, ID | Farm 9628 Tract 2971 |
| 9628 Carlene Smith | 49 | CANYON, ID | Farm 9628 Tract 2972 |

Including all entitlements, benefits, and payments from all State and Federal farm programs; all crop indemnity payments; all payment intangibles arising from said crops and all general intangibles arising from said crops; and all allotments and quotas existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds derived from the conveyance or lease and transfer by the Debtor to any subsequent party.

Initial *BGW*  Date *6/7/2013*
*KwJ*        *6/7/13*

FSA-2028 (09-03-10)

(c)  All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other
items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all
replacements, substitutions, additions, and accessions thereto, including but not limited to the following which are located
in the State(s) of (1) _____Idaho__ :

| (2) Line No. | (3) Quantity | (4) Kind | (5) Manufacturer | (6) Size and Type | (7) Condition | (8) Year | (9) Serial or Model No. |
|---|---|---|---|---|---|---|---|
| 1 | 1 | tractor | Case IH | Maximum 5130 | | | SN 729C |
| 2 | 1 | tractor | Case IH | Maximum 5130 | | | |
| 3 | 1 | tractor | Case IH | Maximum 5130 | | | |
| 4 | 1 | tractor | Case IH | 1394 | | | SN 5219 |
| 5 | 1 | tractor | IHC | 504 high clearance | | | SN P703 |
| 6 | 1 | tractor | IHC | 966 high clearance | | | |
| 7 | 1 | tractor | IHC | 656 | | | SN 0238 P#18 |
| 8 | 1 | tractor | IHC | 656 | | | SN 7335 |
| 9 | 1 | tractor | ICH | 454 | | | SN 7BS2 P#11 |
| 10 | 1 | tractor | IHC | 674 | | | SN 1BRY |
| 11 | 1 | tractor | Farmall | Super C | | | SN 1815 P#14 |
| 12 | 1 | tractor | Farmall | Super C | | | SN 2110 |
| 13 | 1 | tractor | Farmall | C | | | SN 3927 |
| 14 | 1 | tractor | Farmall | A | | | SN 916J P#12 |
| 15 | 1 | tractor | MF | 30 | | | |
| 16 | 1 | forklift | Hyster | 35 | | | SN 414A |
| 17 | 1 | forklift | Toyota | 30 | | | SN 6276 P#17 |
| 18 | 1 | forklift | Clark | | | | SN 4958 |
| 19 | 1 | corn picking line | | Portable | | | |
| 20 | 1 | snap bean harvester w/sorter | Ford | | | | SN 7372 P#15 |
| 21 | 2 | hyster dock plates | | | | | |
| 22 | 4 | pallet jacks | | | | | |
| 23 | 2500 | field crates | | | | | |
| 24 | 1 | corn stalker bander | | | | | |
| 25 | 3 | commercial ice machines | | | | | |
| 26 | 1 | squash and mini pumpkin mini trailer | | | | | |
| 27 | 1 | crop cover retriever | | | | | |
| 28 | 1 | tractor harvest racks | | | | | |

Initial *BGW* Date *6/7/13*
*KWJ*        *6/7/13*

FSA-2028 (09-03-10)

| (2) Line No. | (3) Quantity | (4) Kind | (5) Manufacturer | (6) Size and Type | (7) Condition | (8) Year | (9) Serial or Model No. |
|---|---|---|---|---|---|---|---|
| 29 | 1 | pumpkin loading belt | | | | | |
| 30 | 1 | field cabbage picking basket | | | | | |
| 31 | 1 | bin dump | shopbuilt | | | | |
| 32 | 1 | bean planter | JD | Maximerge 4 row | | | |
| 33 | 1 | pumpkin planter | JD | Maximerge 4 row | | | |
| 34 | 1 | finger pick planter | JD | 80 | | | |
| 35 | 1 | small seed planter | Beck | 4-row | | | |
| 36 | 1 | flex 4 row planter | | JD 71 | | | |
| 37 | 1 | planter | Monosem | 4 row | | | |
| 38 | 1 | planter | Monossem | 2 row | | | |
| 39 | 1 | planter | Milton | 4 row | | | |
| 40 | 1 | ripper | JD | 5 shank | | | |
| 41 | 1 | bedder | | 4 row | | | |
| 42 | 1 | mulcher w/booms | | | | | |
| 43 | 1 | Rotary Hoe | JD | | | | |
| 44 | 3 | cultivator bars | | | | | |
| 45 | 4 | cultivator bars | | | | | |
| 46 | 1 | cultivator bar | | 4 bar | | | |
| 47 | 1 | cultivator - front | JD | | | | |
| 48 | 1 | cultivator bar | | Alloway gauge wheels | | | |
| 49 | 1 | bedder bar | | 4 row hyd fold | | | |
| 50 | 1 | roller harrow | Brilion | | | | |
| 51 | 1 | offset disc | Towner | | | | |
| 52 | 1 | offset disc | Towner | | | | |
| 53 | 1 | rolling cultivator | | 4 row | | | |
| 54 | 1 | bedder w/spray boom | | | | | |
| 55 | 1 | fertilizer injector | | | | | |
| 56 | 1 | spray boom | | | | | |
| 57 | 1 | SS tank | | front mount | | | |
| 58 | 1 | SS tank | | front mount | | | |
| 59 | 1 | SS tank | | 3 pt | | | |
| 60 | 1 | rolling cultivator-tomato | | 2 row | | | |

Initial _BG W_   Date _6/7/13_

_Km S_        _6/7/13_

FSA-2028 (09-03-10)

| (2) Line No. | (3) Quantity | (4) Kind | (5) Manufacturer | (6) Size and Type | (7) Condition | (8) Year | (9) Serial or Model No. |
|---|---|---|---|---|---|---|---|
| 61 | 1 | pumpkin harrow | | 3 row | | | |
| 62 | 1 | back out bar | | | | | |
| 63 | 3 | totes | | 250 gallon | | | |
| 64 | 1 | crust breaker | | 4 row | | | |
| 65 | 1 | snow blower | Buehler | 9620 3 pt | | | SN 3606 |
| 66 | 1 | power bedder | | | | | |
| 67 | 1 | rolling culter bar crop cover cutter | | 3 pt | | | |
| 68 | 1 | fuel tank w/ pump | | 750 gal | | | |
| 69 | 1 | fuel tank w/pump | | 300 gallon | | | |
| 70 | 1 | bed harrow | | 2 section | | | |
| 71 | 1 | blade | | 3 pt | | | |
| 72 | 1 | gravel box w/hoist | Clemet | | | | |
| 73 | 1 | water tank | | 1000 gal | | | |
| 74 | 1 | truck | Ford | F-250 flatbed | | 2001 | SN 6310 |
| 75 | 1 | truck | Ford | F-250 flatbed | | 2000 | SN YEB81441 |
| 76 | 1 | truck | Ford | F-150 | | | SN 1319 |
| 77 | 1 | truck-Semi | Freightliner | Semi | | 1995 | SN 9073 P#8 |
| 78 | 1 | truck-Semi | Freightliner | Semi | | 1990 | 2FUPASYB8LV382365 |
| 79 | 1 | truck-Semi | Freightliner | Semi | | 1986 | SN 1216 P#9 |
| 80 | 1 | truck-Semi | Mack | Semi | | 1988 | SN 1059 |
| 81 | 1 | truck | Mack | RL600 | | 1978 | SN 4675 |
| 82 | 1 | truck | Mack | | | 1971 | SN 8213 |
| 83 | 1 | truck-reefer Semi | Volvo | Semi | | 1987 | YV5L07FA7GA033600 |
| 84 | 1 | truck-Semi | IHC | 9670 Semi | | 1983 | SN 1312 P#10 |
| 85 | 1 | truck-Semi | IHC | Semi | | 1995 | SN 4832 |
| 86 | 1 | trailer-reefer | | 46' | | | SN 76EC |
| 87 | 1 | trailer-reefer | | 48' | | 1990 | SN 4924 |
| 88 | 1 | trailer-reefer | | 48' | | 1990 | SN 0001 |
| 89 | 1 | trailer – reefer | Trailmobile | 48' stationary | | 1990 | |
| 90 | 1 | Reefer box | | 20' | | | SN 6187 P#28 |
| 91 | 1 | trailer-flatbed | Fruehauf | 40' | | 1976 | SN 0574 P#33 |
| 92 | 1 | trailer-equipment | Wheaten | | | 1952 | DL308 |
| 93 | 1 | trailer-flatbed | Liberty | | | 1952 | 9103189 |
| 94 | 1 | trailer-pup | | 20' 4W | | | WBD236221323 |

Initial _BGW_  Date _6/6/2013_
_RWJ_        _6/7/13_

FSA-2028 (09-03-10)

| (2) Line No. | (3) Quantity | (4) Kind | (5) Manufacturer | (6) Size and Type | (7) Condition | (8) Year | (9) Serial or Model No. |
|---|---|---|---|---|---|---|---|
| 95 | 1 | trailer-pup | | 20' 4W | | | ID012471 |
| 96 | 1 | trailer | | 4 wheel | | | |
| 97 | 1 | trailer-hyster | | | | | |
| 98 | 2 | trailers-pallet | | | | | |
| 99 | 1 | wagon | JD | 4 wheel | | | |
| 100 | 1 | wagon w/side rails | JD | 4 wheel | | | |
| 101 | 1 | bed-beet | | 20' | | | |
| 102 | 1 | bed-beet | | 16' | | | |
| 103 | 2 | trailer - utility frames | | | | | |
| 104 | 3 | trailer-semi dolly | | 5th wheel dollys | | | |
| 105 | 1 | trailer - gravel dump | | | | | |
| 106 | 1 | trailer - travel | Prowler | 5th wheel travel trailer | | | SN 1715 |
| 107 | 1 | van | Ford | Cargo Van | | 2002 | |

(10) Including the following described fixtures which are affixed, or are to be affixed to real estate, as extracted collateral; or timber to be cut, all of which, together with the associated real estate, are more particularly described as follows:

Initial *BGW*   Date *6/6/2013*
*RUJ*   *6/7/13*

FSA-2028 (09-03-10)

(d)  All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following located in the State(s) of *(1)* ___Idaho___ :

| (2) Line No. | (3) Quantity | (4) Kind or Sex | (5) Breed | (6) Color | (7) Weight | (8) Age | (9) Brand or Other Identification |
|---|---|---|---|---|---|---|---|
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |

Initial _B6W_ Date _6/7/2013_
KwJ    6/7/13

(e)   All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles, including but not limited to the following:

All crops, livestock, farm products (per UCC-1F) and all farm equipment, certificates of title, goods, supplies, inventory, accounts, deposit accounts, supporting obligations, contract rights, payment intangibles, general intangibles, investment property, gross receipts, equities, crop insurance indemnity payments, all entitlements, benefits, payments from all State and Federal farm programs, grazing shares, all beet stock, and all proceeds of the aforesaid property.

## 3. DEBTOR WARRANTS, COVENANTS, AND AGREES THAT :

(a)   Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except *(1)* any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect; *(2)* any applicable landlord's statutory liens; and *(3)* other liens, encumbrances, security or other interests previously disclosed to Secured Party in the loan application, farm operating plan or other loan documents. Debtor will defend the collateral against the claims and demands of all other persons.

(b)   Statements contained in Debtor's loan application and related loan documents are true and correct and that Debtor's name, as stated in the loan application and in this Security Agreement, is Debtor's complete legal name; and Debtor will *(1)* use the loan funds for the purposes for which due all *(1)* indebtedness evidenced by the Note and any indebtedness to Secured Party secured from time to time by Debtor and Secured Party; *(3)* care for and maintain collateral in a good and husbandlike manner; *(4)* insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance; *(5)* permit Secured Party to inspect the collateral at any reasonable time; *(6)* not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of Secured Party; *(7)* not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by this Security Agreement; and *(8)* maintain accurate records of the collateral, furnish Secured Party any requested information related to the collateral and allow Secured Party to inspect and copy all records relating to the collateral.

(c)   Debtor will pay promptly when due all *(1)* indebtedness evidenced by the Note and any indebtedness to Secured Party secured by this Security Agreement; *(2)* rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of lien searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collateral or this security interest; *(3)* filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest; and *(4)* fees and other charges now or later required by regulations of the Secured Party.

(d)   Secured Party is authorized to file financing statements describing the collateral, to file amendments to the financing statements and to file continuation statements.

(e)   Debtor will immediately notify Secured Party of any material change in the collateral or in the collateral's location; change in Debtor's name, address, or location; change in any warranty or representation in this Security Agreement; change that may affect this security interest or its perfection; and any event of default.

(f)   Secured Party may at any time pay any other amounts required in this instrument to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the Note which has the highest interest rate.

(g)   All advances by Secured Party as described in this Security Agreement, with interest, shall be immediately due and payable by Debtor to Secured Party without demand and shall be secured by this Security Agreement. No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the Note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.

(h)   In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor agrees to execute any further documents, including additional security instruments on such real and personal property as Secured Party may require and to take any further actions reasonably requested by Secured Party to evidence or perfect the security interest granted herein or to effectuate the rights granted to Secured Party herein.

Initial *BGW*  Date *6/7/13*
     *KWJ*      *6/7/13*

FSA-2028 (09-03-10)

**4. IT IS FURTHER AGREED THAT:**

(a)  Until default, Debtor may retain possession of the collateral.

(b)  **Default** shall exist under this Security Agreement if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this Security Agreement or to observe or perform any covenants or agreements in this Security Agreement or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of any one of the parties named as Debtor. Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands, as described in 7 CFR Part 1940, Subpart G, Exhibit M or any successor regulation. Upon any default:

(1)  Secured Party, at its option, with or without notice as permitted by law may *(a)* declare the unpaid balance on the Note and any indebtedness secured by this Security Agreement immediately due and payable; *(b)* enter upon the premises and cultivate and harvest crops, take possession of, repair, improve, use, and operate the collateral or make equipment usable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and *(c)* exercise any sale or other rights accorded by law. Secured Party may disclaim all warranties relating to title, possession, quiet enjoyment, merchantability, fitness or the like in any disposition of the collateral;

(2)  Debtor *(a)* agrees to assemble the collateral and make it available to Secured Party at such times and places as designated by Secured Party; and *(b)* waives all notices, exemptions, compulsory disposition and redemption rights;

(3)  A default shall exist under any other security instrument held by Secured Party and executed or assumed by Debtor on real or personal property. Likewise, default under such other security instrument shall constitute default under this Security Agreement.

(c)  Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, processing, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Secured Party, third to the satisfaction of indebtedness secured by this Security Agreement, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any obligations of Debtor owing to Secured Party and sixth to Debtor. Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the debt evidenced by the Note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any other obligation of Debtor owing to Secured Party, and any balance shall be paid to Debtor unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

(d)  It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this Security Agreement, no collateral covered by this Security Agreement is or shall become realty or accessioned to other goods.

(e)  Debtor agrees that the Secured Party will not be bound by any present or future State exemption laws. Debtor expressly **WAIVES** the benefit of any such State laws.

(f)  Secured Party may comply with any applicable State or Federal law requirements in connection with the disposition of the collateral and compliance will not be considered to adversely affect the commercial reasonableness of any sale of the collateral.

(g)  This Security Agreement is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions of this Security Agreement.

(h)  If any provision of this Security Agreement is held invalid or unenforceable, it shall not affect any other provisions, but this Security Agreement shall be construed as if it had never contained such invalid or unenforceable provision.

Initial _BGW_  Date _2013_

_KWJ_        _2013_

FSA-2028 (09-03-10)                                                                                    Page 10 of 10

(i)  The rights and privileges of Secured Party under this Security Agreement shall accrue to the benefit of its successors and assigns. All covenants, warranties, representations, and agreements of Debtor contained in this Security Agreement are joint and several and shall bind personal representatives, heirs, successors, and assigns.

(j)  If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from other credit sources, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the Note and any indebtedness secured by this Security Agreement. Debtor will be responsible for any application fees or purchase of stock in connection with such loan. The provisions of this paragraph do not apply if the Note secured by this Security Agreement is for a Conservation Loan.

(k)  Failure of the Secured Party to exercise any right, whether once or often, shall not be construed as a waiver of any covenant or condition or of the breach of such covenant or condition. Such failure shall also not affect the exercise of such right without notice upon any subsequent breach of the same or any other covenant or condition.

(l)  **SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW .**

## 5.  CERTIFICATION

*I certify that the information provided is true, complete and correct to the best of my knowledge and is provided in good faith. (Warning: Section 1001 of Title 18, United States Code, provides for criminal penalties to those who provide false statements. If any information is found to be false or incomplete, such finding may be grounds for denial of the requested action.)*

6A. _____     6B. *(Date)* _____

WISSEL FARMS CORPORATION

_~Bernita Gualalap, Wud~_  *(Date)*   6/7/2013
Debtor

_~Matth M. Wisn~_           6/7/2013
                                          *as an individual*

NOTE:  *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0238. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).

To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

ATTACHMENT TO FSA-2028

Wissel Farms Corporation  DATED June 7, 2013 – ADDITIONAL SIGNATURES REQUIRED


_____Wissel & Johnson Trucking Co._____

_____Kristopher Johnson, Member


___see previous page_____Matthew Wissel , Member


___see previous page_____, Matthew Wissel, as an INDIVIDUAL


Wissel Bros. Corporation by

_____Benita Wissel,

___see previous page_____Matthew Wissel

IDSOS UCC ONLINE FILING #: 2013-1124498-0

Page 1 of 1

# UCC FINANCING STATEMENT
**ELECTRONIC FILING\***

| | |
|---|---|
| A. NAME, PHONE, EMAIL, FAX OF CONTACT AT FILER:<br>VICKI KEEN  \|  ----  \|  VICKI.KEEN@ID.USDA.GOV  \|  ----<br>B. SEND ACKNOWLEDGMENT TO: (Name and Address)<br>UNITED STATES OF AMERICA ACTING THROUGH FARM SERVICE AGENCY<br>2208 E CHICAGO STREET, SUITE B<br>CALDWELL, ID 83605 | IDAHO SECRETARY OF STATE<br>06/06/2013 11:06<br>$3.00<br>Filing Number:<br>B 2013-1124498-0 |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME: - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

OR

| 1a. ORGANIZATION'S NAME: | | | |
|---|---|---|---|
| 1b. LAST NAME:<br>ST JOHN | FIRST NAME:<br>AMANDA | MIDDLE NAME:<br>ROSE | SUFFIX: |
| 1c. MAILING ADDRESS:<br>2011 NE THOMPSON STREET | CITY:<br>PORTLAND | STATE: POSTAL CODE:<br>OR    97212 | COUNTRY:<br>USA |
| 1 TAX ID #: SSN OR TIN | ADD'L INFO RE<br>ORGANIZATION<br>DEBTOR | 1e. TYPE OF ORG: | 1f. JURISDICTION OF ORG: | 1g. ORGANIZATIONAL ID #: (if any) |

**3. SECURED PARTY'S NAME: (or NAME OF TOTAL ASSIGNEE of ASSIGNOR S/P) -- insert only one secured party name (3a or 3b)**

OR

| 3a. ORGANIZATION'S NAME:<br>UNITED STATES OF AMERICA ACTING THROUGH FARM SERVICE AGENCY | | | |
|---|---|---|---|
| 3b. LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX: |
| 3c. MAILING ADDRESS:<br>2208 E CHICAGO STREET, SUITE B | CITY:<br>CALDWELL | STATE: POSTAL CODE:<br>ID    83605 | COUNTRY:<br>USA |

**4. This FINANCING STATEMENT covers the following collateral:**

ALL CROPS, LIVESTOCK, FARM PRODUCTS (PER UCC-1F) AND ALL FARM EQUIPMENT, CERTIFICATES OF TITLE, GOODS, SUPPLIES, INVENTORY, ACCOUNTS, DEPOSIT ACCOUNTS, SUPPORTING OBLIGATIONS, CONTRACT RIGHTS, PAYMENT INTANGIBLES, GENERAL INTANGIBLES, INVESTMENT PROPERTY, GROSS RECEIPTS, EQUITIES, CROP INSURANCE INDEMNITY PAYMENTS, ALL ENTITLEMENTS, BENEFITS, PAYMENTS FROM ALL SATE AND FEDERAL FARM PROGRAMS, GRAZING SHARES, ALL BEET STOCK AND ALL PROCEEDS OF THE AFORESAID PROPERTY.

**5. ALTERNATIVE DESIGNATION (if applicable):**
[  ] LESSEE/LESSOR    [  ] CONSIGNEE/CONSIGNOR    [  ] BAILEE/BAILOR    [  ] SELLER/BUYER

**6. [  ] This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS. Attach Addendum    (if applicable)**

**7. Check to REQUEST SEARCH REPORT(S) on Debtor(s)**
(ADDITIONAL FEE) (optional)   [  ] All Debtors   [  ] Debtor 1   [  ] Debtor 2

**8. OPTIONAL FILER REFERENCE DATA:**

\*Electronically generated from original XML Document

# UCC FINANCING STATEMENT

ELECTRONIC FILING*

| A. NAME, PHONE, EMAIL, FAX OF CONTACT AT FILER: |
|---|
| VICKI KEEN  \|  ----  \|  VICKI.KEEN@ID.USDA.GOV  \|  ---- |

**IDAHO SECRETARY OF STATE**
**06/06/2013 11:06**
$3.00
Filing Number:
**B 2013-1124497-1**

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

UNITED STATES OF AMERICA ACTING THROUGH FARM
SERVICE AGENCY
2208 E CHICAGO STREET, SUITE B
CALDWELL,  ID  83605

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME: - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME: | | | |
|---|---|---|---|
| OR 1b. LAST NAME:<br>ST JOHN | FIRST NAME:<br>KENNETH | MIDDLE NAME:<br>THOMAS | SUFFIX: |
| 1c. MAILING ADDRESS:<br>2011 NE THOMPSON STREET | CITY:<br>PORTLAND | STATE: OR   POSTAL CODE: 97212 | COUNTRY: USA |
| 1d. TAX D #: SSN OR TIN | 1e. TYPE OF ORG: | 1f. JURISDICTION OF ORG: | 1g. ORGANIZATIONAL ID #: (if any) |

ADD'L INFO RE ORGANIZATION DEBTOR:

3. SECURED PARTY'S NAME: (or Name of TOTAL ASSIGNEE of ASSIGNOR S/P) -- insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME:<br>UNITED STATES OF AMERICA ACTING THROUGH FARM SERVICE AGENCY | | | |
|---|---|---|---|
| OR 3b. LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX: |
| 3c. MAILING ADDRESS:<br>2208 E CHICAGO STREET, SUITE B | CITY:<br>CALDWELL | STATE: ID   POSTAL CODE: 83605 | COUNTRY: USA |

4. This FINANCING STATETMENT covers the following collateral:

ALL CROPS, LIVESTOCK, FARM PRODUCTS (PER UCC-1F) AND ALL FARM EQUIPMENT,
CERTIFICATES OF TITLE, GOODS, SUPPLIES, INVENTORY, ACCOUNTS, DEPOSIT ACCOUNTS,
SUPPORTING OBLIGATIONS, CONTRACT RIGHTS, PAYMENT INTANGIBLES, GENERAL INTANGIBLES,
INVESTMENT PROPERTY, GROSS RECEIPTS, EQUITIES, CROP INSURANCE INDEMNITY PAYMENTS,
ALL ENTITLEMENTS, BENEFITS, PAYMENTS FROM ALL SATE AND FEDERAL FARM PROGRAMS,
GRAZING SHARES, ALL BEET STOCK AND ALL PROCEEDS OF THE AFORESAID PROPERTY.

5. ALTERNATIVE DESIGNATION (if applicable):
[ ] LESSEE/LESSOR   [ ] CONSIGNEE/CONSIGNOR   [ ] BAILEE/BAILOR   [ ] SELLER/BUYER

6. [ ] This FINANCING STATEMENT is to be filed (for record) (or recorded) in the
REAL ESTATE RECORDS.  Attach Addendum (if applicable)

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s)
(ADDITIONAL FEE) (optional)  [ ] All Debtors  [ ] Debtor 1  [ ]
Debtor 2

8. OPTIONAL FILER REFERENCE DATA:

*Electronically generated from original XML Document

IDSOS UCC1 ONLINE FILING #: B 2013-1124496-2      Page 1 of 1

# UCC FINANCING STATEMENT

ELECTRONIC FILING*

**A. NAME, PHONE, EMAIL, FAX OF CONTACT AT FILER:**
VICKI KEEN  |  ----  |  VICKI.KEEN@ID.USDA.GOV  |  ----

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
UNITED STATES OF AMERICA ACTING THROUGH FARM
SERVICE AGENCY
2208 E CHICAGO STREET, SUITE B
CALDWELL, ID  83605

**IDAHO SECRETARY OF STATE**
**06/06/2013 11:06**
$3.00
Filing Number:
**B 2013-1124496-2**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME: - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

OR

| 1a. ORGANIZATION'S NAME: | | | |
|---|---|---|---|
| **1b. LAST NAME:** WISSEL | **FIRST NAME:** MORGAN | **MIDDLE NAME:** ALEXANDRIA | **SUFFIX:** |
| **1c. MAILING ADDRESS:** 11085 LAKE LOWELL | **CITY:** NAMPA | **STATE:** ID   **POSTAL CODE:** 83686 | **COUNTRY:** USA |
| **1d. TAX D #: SSN OR TIN**   ADD'L INFO RE ORGANIZATION DEBTOR: | **1e. TYPE OF ORG:** | **1f. JURISDICTION OF ORG:** | **1g. ORGANIZATIONAL ID #: (if any)** |

**3. SECURED PARTY'S NAME: (or NAME OF TOTAL ASSIGNEE of ASSIGNOR S/P) -- insert only one secured party name (3a or 3b)**

OR

| 3a. ORGANIZATION'S NAME: UNITED STATES OF AMERICA ACTING THROUGH THE FARM SERVICE AGENCY | | | |
|---|---|---|---|
| **3b. LAST NAME:** | **FIRST NAME:** | **MIDDLE NAME:** | **SUFFIX:** |
| **3c. MAILING ADDRESS:** 2208 E CHICAGO STREET, SUITE B | **CITY:** CALDWELL | **STATE:** ID   **POSTAL CODE:** 83605 | **COUNTRY:** USA |

**4. This FINANCING STATEMENT covers the following collateral:**
ALL CROPS, LIVESTOCK, FARM PRODUCTS (PER UCC-1F) AND ALL FARM EQUIPMENT,
CERTIFICATES OF TITLE, GOODS, SUPPLIES, INVENTORY, ACCOUNTS, DEPOSIT ACCOUNTS,
SUPPORTING OBLIGATIONS, CONTRACT RIGHTS, PAYMENT INTANGIBLES, GENERAL INTANGIBLES,
INVESTMENT PROPERTY, GROSS RECEIPTS, EQUITIES, CROP INSURANCE INDEMNITY PAYMENTS,
ALL ENTITLEMENTS, BENEFITS, PAYMENTS FROM ALL SATE AND FEDERAL FARM PROGRAMS,
GRAZING SHARES, ALL BEET STOCK AND ALL PROCEEDS OF THE AFORESAID PROPERTY.

**5. ALTERNATIVE DESIGNATION (if applicable):**
[  ] LESSEE/LESSOR   [  ] CONSIGNEE/CONSIGNOR   [  ] BAILEE/BAILOR   [  ] SELLER/BUYER

**6. [  ] This FINANCING STATEMENT is to be filed (for record) (or recorded) in the** REAL ESTATE RECORDS.  Attach Addendum (if applicable)

**7. Check to REQUEST SEARCH REPORT(S) on Debtor(s)**
(ADDITIONAL FEE) (optional)  [  ] All Debtors  [  ] Debtor 1  [  ] Debtor 2

**8. OPTIONAL FILER REFERENCE DATA:**

*Electronically generated from original XML Document

# UCC FINANCING STATEMENT

ELECTRONIC FILING*

| A. NAME, PHONE, EMAIL, FAX OF CONTACT AT FILER: | |
|---|---|
| VICKI KEEN  \|  ----  \|  VICKI.KEEN@ID.USDA.GOV  \|  ---- | **IDAHO SECRETARY OF STATE** |
| B. SEND ACKNOWLEDGMENT TO: (Name and Address) | **06/06/2013 11:06** |
| UNITED STATES OF AMERICA ACTING THROUGH FARM SERVICE AGENCY | $3.00 |
| 2208 E CHICAGO STREET, SUITE B | Filing Number: |
| CALDWELL,  ID  83605 | **B 2013-1124494-4** |
| | THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY |

1. DEBTOR'S EXACT FULL LEGAL NAME: - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME:

OR

| 1b. LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX: |
|---|---|---|---|
| WISSEL | BENITA | GUADALUPE | |
| 1c. MAILING ADDRESS: | CITY: | STATE: | POSTAL CODE: | COUNTRY: |
| 11085 LAKE LOWELL AVE | CALDWELL | ID | 83686 | USA |

| 1d. TAX D #: SSN OR TIN | ADD'L INFO RE ORGANIZATION DEBTOR: | 1e. TYPE OF ORG: | 1f. JURISDICTION OF ORG: | 1g. ORGANIZATIONAL ID #: (if any) |
|---|---|---|---|---|

3. SECURED PARTY'S NAME: (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) -- insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME:

OR  UNITED STATES OF AMERICA ACTING THROUGH FARM SERVICE AGENCY

| 3b. LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX: |
|---|---|---|---|
| 3c. MAILING ADDRESS: | CITY: | STATE: | POSTAL CODE: | COUNTRY: |
| 2208 E CHICAGO STREET, SUITE B | CALDWELL | ID | 83605 | USA |

4. This FINANCING STATEMENT covers the following collateral:

ALL CROPS, LIVESTOCK, FARM PRODUCTS (PER UCC-1F) AND ALL FARM EQUIPMENT, CERTIFICATES OF TITLE, GOODS, SUPPLIES, INVENTORY, ACCOUNTS, DEPOSIT ACCOUNTS, SUPPORTING OBLIGATIONS, CONTRACT RIGHTS, PAYMENT INTANGIBLES, GENERAL INTANGIBLES, INVESTMENT PROPERTY, GROSS RECEIPTS, EQUITIES, CROP INSURANCE INDEMNITY PAYMENTS, ALL ENTITLEMENTS, BENEFITS, PAYMENTS FROM ALL SATE AND FEDERAL FARM PROGRAMS, GRAZING SHARES, ALL BEET STOCK AND ALL PROCEEDS OF THE AFORESAID PROPERTY.

5. ALTERNATIVE DESIGNATION (if applicable):

[  ] LESSEE/LESSOR   [  ] CONSIGNEE/CONSIGNOR   [  ] BAILEE/BAILOR   [  ] SELLER/BUYER

| 6. [  ] This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum (if applicable) | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) (ADDITIONAL FEE) (optional) [  ] All Debtors  [  ] Debtor 1  [  ] Debtor 2 |
|---|---|

8. OPTIONAL FILER REFERENCE DATA:

*Electronically generated from original XML Document

# UCC FINANCING STATEMENT

ELECTRONIC FILING*

| A. NAME, PHONE, EMAIL, FAX OF CONTACT AT FILER: | |
|---|---|
| VICKI KEEN   \|   ----   \|   VICKI.KEEN@ID.USDA.GOV   \|   ---- | **IDAHO SECRETARY OF STATE** |
| B. SEND ACKNOWLEDGMENT TO: (Name and Address) | **06/06/2013 11:06** |
| UNITED STATES OF AMERICA ACTING THROUGH FARM SERVICE AGENCY | $3.00 |
| 2208 E CHICAGO STREET, SUITE B | **Filing Number:** |
| CALDWELL,  ID  83605 | **B 2013-1124493-5** |
| | THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY |

1. DEBTOR'S EXACT FULL LEGAL NAME: - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME:

OR

| 1b. LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX: |
|---|---|---|---|
| WISSEL | MATTHEW | MARK | |

| 1c. MAILING ADDRESS: | CITY: | STATE: | POSTAL CODE: | COUNTRY: |
|---|---|---|---|---|
| 11085 LAKE LOWELL AV | NAMPA | ID | 83686 | USA |

| 1d. TAX D #: SSN OR TIN | ADD'L INFO RE ORGANIZATION DEBTOR: | 1e. TYPE OF ORG: | 1f. JURISDICTION OF ORG: | 1g. ORGANIZATIONAL ID #: (if any) |
|---|---|---|---|---|
| | | | | |

3. SECURED PARTY'S NAME: (or Name of TOTAL ASSIGNEE of ASSIGNOR S/P) -- insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME:

OR    UNITED STATES OF AMERICA ACTING THROUGH FARM SERVICE AGENCY

| 3b. LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX: |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS: | CITY: | STATE: | POSTAL CODE: | COUNTRY: |
|---|---|---|---|---|
| 2208 E CHICAGO STREET, SUITE B | CALDWELL | ID | 83605 | USA |

4. This FINANCING STATETMENT covers the following collateral:

ALL CROPS, LIVESTOCK, FARM PRODUCTS (PER UCC-1F) AND ALL FARM EQUIPMENT, CERTIFICATES OF TITLE, GOODS, SUPPLIES, INVENTORY, ACCOUNTS, DEPOSIT ACCOUNTS, SUPPORTING OBLIGATIONS, CONTRACT RIGHTS, PAYMENT INTANGIBLES, GENERAL INTANGIBLES, INVESTMENT PROPERTY, GROSS RECEIPTS, EQUITIES, CROP INSURANCE INDEMNITY PAYMENTS, ALL ENTITLEMENTS, BENEFITS, PAYMENTS FROM ALL SATE AND FEDERAL FARM PROGRAMS, GRAZING SHARES, ALL BEET STOCK AND ALL PROCEEDS OF THE AFORESAID PROPERTY.

5. ALTERNATIVE DESIGNATION (if applicable):

[  ] LESSEE/LESSOR   [  ] CONSIGNEE/CONSIGNOR   [  ] BAILEE/BAILOR   [  ] SELLER/BUYER

| 6. [  ] This FINANCING STATEMENT is to be filed (for record) (or recorded) in the  REAL ESTATE RECORDS.  Attach Addendum (if applicable) | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) (ADDITIONAL FEE) (optional)  [  ] All Debtors  [  ] Debtor 1  [  ] Debtor 2 |
|---|---|

8. OPTIONAL FILER REFERENCE DATA:

*Electronically generated from original XML Document

# UCC FINANCING STATEMENT

**ELECTRONIC FILING\***

| A. NAME, PHONE, EMAIL, FAX OF CONTACT AT FILER: |
|---|
| VICKI KEEN | ---- | VICKI.KEEN@ID.USDA.GOV | ---- |

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

UNITED STATES OF AMERICA ACTING THROUGH FARM
SERVICE AGENCY
2208 E CHICAGO STREET, SUITE B
CALDWELL,  ID  83605

**IDAHO SECRETARY OF STATE**
**06/06/2013 11:06**
$3.00
Filing Number:
**B 2013-1124492-6**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME: - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

OR

| 1a. ORGANIZATION'S NAME: |
|---|
| WISSEL FARMS CORPORATION |

| 1b. LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX: |
|---|---|---|---|

| 1c. MAILING ADDRESS: | CITY: | STATE: | POSTAL CODE: | COUNTRY: |
|---|---|---|---|---|
| 11085 LAKE LOWELL AVE | NAMPA | ID | 83686 | USA |

| 1d. TAX D #: SSN OR TIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORG: CORPORATION | 1f. JURISDICTION OF ORG: ID | 1g. ORGANIZATIONAL ID #: (if any) C88632 |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME: (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) -- insert only one secured party name (3a or 3b)**

OR

| 3a. ORGANIZATION'S NAME: |
|---|
| UNITED STATES OF AMERICA ACTING THROUGH FARM SERVICE AGENCY |

| 3b. LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX: |
|---|---|---|---|

| 3c. MAILING ADDRESS: | CITY: | STATE: | POSTAL CODE: | COUNTRY: |
|---|---|---|---|---|
| 2208 E CHICAGO STREET, SUITE B | CALDWELL | ID | 83605 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

ALL CROPS, LIVESTOCK, FARM PRODUCTS (PER UCC-1F) AND ALL FARM EQUIPMENT,
CERTIFICATES OF TITLE, GOODS, SUPPLIES, INVENTORY, ACCOUNTS, DEPOSIT ACCOUNTS,
SUPPORTING OBLIGATIONS, CONTRACT RIGHTS, PAYMENT INTANGIBLES, GENERAL INTANGIBLES,
INVESTMENT PROPERTY, GROSS RECEIPTS, EQUITIES, CROP INSURANCE INDEMNITY PAYMENTS,
ALL ENTITLEMENTS, BENEFITS, PAYMENTS FROM ALL SATE AND FEDERAL FARM PROGRAMS,
GRAZING SHARES, ALL BEET STOCK AND ALL PROCEEDS OF THE AFORESAID PROPERTY.

**5. ALTERNATIVE DESIGNATION (if applicable):**
[  ] LESSEE/LESSOR   [  ] CONSIGNEE/CONSIGNOR   [  ] BAILEE/BAILOR   [  ] SELLER/BUYER

**6. [  ] This FINANCING STATEMENT is to be filed (for record) (or recorded) in the**
REAL ESTATE RECORDS.   Attach Addendum (if applicable)

**7. Check to REQUEST SEARCH REPORT(S) on Debtor(s)**
(ADDITIONAL FEE) (optional)  [  ] All Debtors  [  ] Debtor 1  [  ]
Debtor 2

**8. OPTIONAL FILER REFERENCE DATA:**

\*Electronically generated from original XML Document

IDSOS UCC1 ONLINE FI     G #: B 2013-1124792-7                                          Page 1 of 1

# UCC FINANCING STATEMENT

ELECTRONIC FILING*

| A. NAME, PHONE, EMAIL, FAX OF CONTACT AT FILER: |
|---|
| VICKI KEEN \| ---- \| VICKI.KEEN@ID.USDA.GOV \| ---- |

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

UNITED STATES OF AMERICA ACTING THROUGH THE FARM
SERVICE AGENCY
2208 E CHICAGO ST., STE B
CALDWELL, ID 83605

**IDAHO SECRETARY OF STATE**
06/12/2013 11:26
$3.00
Filing Number:
**B 2013-1124792-7**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME: - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | 1a. ORGANIZATION'S NAME: | | | | |
|---|---|---|---|---|---|
| OR | | | | | |
| | 1b. LAST NAME: WISSEL BROTHERS CORPORATION | FIRST NAME: | | MIDDLE NAME: | SUFFIX: |
| 1c. MAILING ADDRESS: 11085 LAKE LOWELL AVE | | CITY: NAMPA | | STATE: ID | POSTAL CODE: 83686 | COUNTRY: USA |

| 1d. TAX D #: SSN OR TIN | ADD'L INFO RE ORGANIZATION DEBTOR: | 1e. TYPE OF ORG: | 1f. JURISDICTION OF ORG: | 1g. ORGANIZATIONAL ID #: (if any) |
|---|---|---|---|---|

3. SECURED PARTY'S NAME: (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) -- insert only one secured party name (3a or 3b)

| | 3a. ORGANIZATION'S NAME: | | | | |
|---|---|---|---|---|---|
| OR | UNITED STATES OF AMERICA ACTING THROUGH THE FARM SERVICE AGENCY | | | | |
| | 3b. LAST NAME: | FIRST NAME: | | MIDDLE NAME: | SUFFIX: |
| 3c. MAILING ADDRESS: 2208 E CHICAGO ST. STE B | | CITY: CALDWELL | | STATE: ID | POSTAL CODE: 83605 | COUNTRY: USA |

4. This FINANCING STATETMENT covers the following collateral:

ALL CROPS, LIVESTOCK, FARM PRODUCTS (PER UCC-1F) AND ALL FARM EQUIPMENT,
CERTIFICATES OF TITLE, GOODS, SUPPLIES, INVENTORY, ACCOUNTS, DEPOSIT ACCOUNTS,
SUPPORTING OBLIGATIONS, CONTRACT RIGHTS, PAYMENT INTANGIBLES, GENERAL INTANGIBLES,
INVESTMENT PROPERTY, GROSS RECEIPTS, EQUITIES, CROP INSURANCE INDEMNITY PAYMENTS,
ALL ENTITLEMENTS, BENEFITS, PAYMENTS FROM ALL SATE AND FEDERAL FARM PROGRAMS,
GRAZING SHARES, ALL BEET STOCK AND ALL PROCEEDS OF THE AFORESAID PROPERTY.

5. ALTERNATIVE DESIGNATION (if applicable):

[ ] LESSEE/LESSOR   [ ] CONSIGNEE/CONSIGNOR   [ ] BAILEE/BAILOR   [ ] SELLER/BUYER

| 6. [ ] This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS. Attach Addendum (if applicable) | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) (ADDITIONAL FEE) (optional) [ ] All Debtors [ ] Debtor 1 [ ] Debtor 2 |
|---|---|

8. OPTIONAL FILER REFERENCE DATA:

*Electronically generated from original XML Document

IDSOS UCC1 ONLINE FI    G #: B 2013-1124499-9

# UCC FINANCING STATEMENT

ELECTRONIC FILING*

| A. NAME, PHONE, EMAIL, FAX OF CONTACT AT FILER: |
| --- |
| VICKI KEEN \|  ----  \| VICKI.KEEN@ID.USDA.GOV \|  ---- |

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

UNITED STATES OF AMERICA ACTING THROUGH FARM
SERVICE AGENCY
2208 E CHICAGO STREET, SUITE B
CALDWELL, ID  83605

**IDAHO SECRETARY OF STATE**
06/06/2013 11:06
$3.00
Filing Number:
**B 2013-1124499-9**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME: - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

OR

1a. ORGANIZATION'S NAME:

| 1b. LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX: |
| --- | --- | --- | --- |
| WISSEL | ADRIANA | MAUDE | |

| 1c. MAILING ADDRESS: | CITY: | STATE: | POSTAL CODE: | COUNTRY: |
| --- | --- | --- | --- | --- |
| 2549 S SKYVIEW DRIVE | NAMPA | ID | 83686 | USA |

| 1d. TAX D #: SSN OR TIN | ADD'L INFO RE ORGANIZATION DEBTOR: | 1e. TYPE OF ORG: | 1f. JURISDICTION OF ORG: | 1g. ORGANIZATIONAL ID #: (if any) |
| --- | --- | --- | --- | --- |

3. SECURED PARTY'S NAME: (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) -- insert only one secured party name (3a or 3b)

OR

3a. ORGANIZATION'S NAME:
UNITED STATES OF AMERICA ACTING THROUGH FARM SERVICE AGENCY

| 3b. LAST NAME: | FIRST NAME: | MIDDLE NAME: | SUFFIX: |
| --- | --- | --- | --- |

| 3c. MAILING ADDRESS: | CITY: | STATE: | POSTAL CODE: | COUNTRY: |
| --- | --- | --- | --- | --- |
| 2208 E CHICAGO STREET, SUITE B | CALDWELL | ID | 83605 | USA |

4. This FINANCING STATEMENT covers the following collateral:

ALL CROPS, LIVESTOCK, FARM PRODUCTS (PER UCC-1F) AND ALL FARM EQUIPMENT,
CERTIFICATES OF TITLE, GOODS, SUPPLIES, INVENTORY, ACCOUNTS, DEPOSIT ACCOUNTS,
SUPPORTING OBLIGATIONS, CONTRACT RIGHTS, PAYMENT INTANGIBLES, GENERAL INTANGIBLES,
INVESTMENT PROPERTY, GROSS RECEIPTS, EQUITIES, CROP INSURANCE INDEMNITY PAYMENTS,
ALL ENTITLEMENTS, BENEFITS, PAYMENTS FROM ALL SATE AND FEDERAL FARM PROGRAMS,
GRAZING SHARES, ALL BEET STOCK AND ALL PROCEEDS OF THE AFORESAID PROPERTY.

5. ALTERNATIVE DESIGNATION (if applicable):
[  ] LESSEE/LESSOR   [  ] CONSIGNEE/CONSIGNOR   [  ] BAILEE/BAILOR   [  ] SELLER/BUYER

6. [  ] This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum (if applicable)

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s)
(ADDITIONAL FEE) (optional)   [  ] All Debtors   [  ] Debtor 1   [  ]
Debtor 2

8. OPTIONAL FILER REFERENCE DATA:

*Electronically generated from original XML Document

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nicholas J. Woychick, Assistant United States Attorney
United States Attorney's Office
800 Park Boulevard, Suite 600, Boise, ID 83712   (208) 334-1211

## DEFENDANTS
Wissel Farms Corporation, Benita Guadalupe Wissel, Matthew Mark Wissel, Kristofer Wade Johnson, Adriana Maude Wissel, Morgan Alexandria Wissel, Kenneth Thomas St. John, Amanda Rose St. John

County of Residence of First Listed Defendant    Canyon
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
Plaintiff

☐ 2   U.S. Government
Defendant

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 720 Labor/Management | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| | Medical Malpractice | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Leave Act | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 896 Arbitration |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | Income Security Act | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff | State Statutes |
| | Employment | **Other:** | or Defendant) | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party | |
| | Other | ☐ 550 Civil Rights | 26 USC 7609 | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - | | |
| | | Conditions of | | |
| | | Confinement | | |

*(Note: The PERSONAL INJURY second column includes: ☐ 365 Personal Injury - Product Liability; ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability; ☐ 368 Asbestos Personal Injury Product Liability. PERSONAL PROPERTY: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability. IMMIGRATION: ☐ 462 Naturalization Application; ☐ 465 Other Immigration Actions.)*

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1345

Brief description of cause:
Suit to foreclose real property and chattels.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
286,237.97

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
10/18/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| ) | |
| ) | |
| ) | |
| ) | |
| *Plaintiff(s)* ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | |
| ) | |
| ) | |
| *Defendant(s)* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ <br> *Plaintiff(s)* <br> v. <br> _____ <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: _____              _____
                                                                *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td>_____<br><br>*Plaintiff(s)*<br><br>v.<br><br><br>_____<br><br>*Defendant(s)*</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Civil Action No.</td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                                     *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*
.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | | |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |
| *Plaintiff(s)* | | |
| v. | | |
| _____ | | |
| *Defendant(s)* | | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*
                                                                                    .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |
|---|---|
| <br><br>_____<br>*Plaintiff(s)*<br><br>v.<br><br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____     _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: